**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY WHITE, | No. 20-16171 |
| Petitioner-Appellant, | D.C. No. 3:04-cv-00412-GMN-CLB |
| v. | |
| PERRY RUSSELL, Warden of Warm Springs Correctional Center; AARON FORD, Attorney General for the State of Nevada | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court for Nevada, Reno
Gloria M. Navarro, District Judge, Presiding

Submitted June 18, 2021[**]
San Francisco, California

Before: BRESS and BUMATAY, Circuit Judges, and RAYES,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Jerry White appeals from the denial of his successive petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

In 2000, White and Michael Woomer were accused of robbery and murder in Nevada. In exchange for his cooperation against White, Woomer was offered and accepted a plea. In a subsequent interview with law enforcement, Woomer directly implicated White in the crimes. A Nevada jury later convicted White of first-degree murder with use of a deadly weapon, robbery with the use of a deadly weapon, and conspiracy to commit robbery with the use of a deadly weapon. With respect to the first-degree murder conviction, the jury returned a general verdict after being instructed on premeditated and felony murder theories. The Nevada Supreme Court affirmed White's convictions on direct appeal, and White's subsequent state post-conviction relief and federal habeas corpus petitions were denied.

In 2009, Woomer recanted his prior statements implicating White. Based on Woomer's recantation, White filed a second state post-conviction relief petition and a successive federal habeas petition, each asserting a freestanding claim of actual innocence. In 2015, the Nevada Supreme Court affirmed the denial of White's second petition, and in 2020 the district court denied White's successive habeas petition but granted a certificate of appealability. White timely appealed. We review the district court's denial of § 2254 relief de novo, *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000), and affirm.

Neither the Supreme Court nor the Ninth Circuit has conclusively determined whether a freestanding claim of actual innocence is cognizable in federal habeas, although each has assumed without deciding that such a claim is viable. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Herrera v. Collins*, 506 U.S. 390, 417 (1993); *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). Assuming cognizability, the requisite showing on such a claim is "extraordinarily high" and must be "truly persuasive." *Herrera*, 506 U.S. at 417. At a minimum, "to be entitled to relief, a habeas petitioner asserting a freestanding actual innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997). Unreliable or uncorroborated recantation testimony is insufficient to make that showing. *See Id.* (rejecting freestanding claim of actual innocence based on unreliable recantation testimony); *Jones*, 763 F.3d at 1248 (same).

Even assuming § 2254's deferential standard of review does not apply, *see Jones*, 763 F.3d at 1245, Woomer's recantation is not sufficiently reliable to meet this demanding standard. Woomer has variably claimed memory loss as to the circumstances surrounding the crimes, casting doubt on the reliability of his recantation testimony, which came a decade after the crimes were committed. Moreover, Woomer's recantation testimony changed over the years and is inconsistent with other evidence. For example, Woomer provided inconsistent

3

accounts of how White came to possess the robbery proceeds and who carried the baseball bat from the victim's house.  Certain iterations of Woomer's recantation testimony also diverged in these respects from White's initial account to police.  In one version of his recantation, Woomer claimed White carried the baseball bat from the house and took the robbery proceeds from the center console of a car they had been driving, but White told police Woomer carried the baseball bat from the house and that he took the robbery proceeds from an entertainment center in a hotel room the two men shared.  Woomer's recantation testimony that White had no involvement in either the robbery or the murder is also undermined by the fact that White possessed the robbery proceeds, and by testimony from an eyewitness who said she saw a man matching Woomer's description shout "wrap it up" from outside the victim's house, followed by a man matching White's description exiting the house while carrying a baseball bat.  To the extent Woomer's recantation casts any doubt on White's guilt, it falls short of affirmatively proving White is probably innocent, especially when the jury was instructed on a felony murder theory.

**AFFIRMED**